UNITED STATES DISTRICT COURT  FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ANDREW JAMES,                                              MEMORANDUM
                                                            AND ORDER
        Petitioner,                             06 CV 5996 (JG)

    v.

J. T. SMITH,
    Superintendent, Shawangunk
    Correctional Facility

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

A P P E A R A N C E S:

    ANDREW JAMES
        Reg. # 01A4383
        Shawangunk Correctional Facility
        PO Box 700
        Wallkill, NY 12589
        Petitioner *Pro Se*

    CHARLES J. HYNES
        Kings County District Attorney
        350 Jay Street
        Brooklyn, New York 11201
    By:   SOLOMON NEUBORT
        Assistant District Attorney
        Attorney for Respondent

JOHN GLEESON, United States District Judge:

        Andrew James petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his 1999 conviction in Kings County, following a jury trial *in absentia*, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled

substance in the seventh degree. Oral argument was held by teleconference earlier today. For the reasons set forth below, the petition is denied.

## BACKGROUND

A.   The Facts

After allegedly selling narcotics to an undercover police officer on February 19, 1999, James was arrested and charged with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree.

On August 3, 1999, James failed to appear at a pre-trial conference scheduled for 9:30 a.m. When he arrived at court later in the day, the court warned him that if he failed to appear on the first day of trial, the trial would proceed without him. *See* Pre-trial Conf. Tr. 4. James twice signed statements acknowledging that he'd been warned that if he failed to appear for trial he would be giving up his right (1) to be present at trial; (2) to observe witnesses; (3) to testify on his own behalf; (4) to confer with his attorney during trial; (5) to address the judge at any sentencing. James's counsel also signed the portion of the form indicating that counsel had explained the relevant rights to James, and that counsel was satisfied that James fully understood those rights and had signed the acknowledgment freely, voluntarily, and without compulsion.

James appeared for the first morning of trial on September 9, 1999. However, after being instructed to return to the court at 2:15 that afternoon, James did not re-appear. When he failed to appear the following morning as well, the court conducted a "*Parker* hearing," *see People v. Parker*, 454 N.Y.S.2d 967 (1982), to determine whether to proceed to trial in James's absence. During the hearing, the court noted that it had verbally warned James of the

consequences of his failure to appear in court for trial, and that James had signed the aforementioned acknowledgments. The court also heard the testimony of a paralegal in the District Attorney's office, who reported her efforts to locate James by calling (1) his home; (2) his reported place of employment; (3) the city, state, and federal inmate locators; (4) Central Booking for Brooklyn, Manhattan, and Queens; (5) five Brooklyn hospitals, two Manhattan hospitals, and two Queens hospitals; (6) the Missing Persons Bureau; (7) the Department of Immigration Deportation and Detention; (8) the New York City Apprehension Team; and (9) authorities in Chicago, where James may have had a fugitive warrant. None of her inquiries produced results. The court determined that James's failure to appear was voluntary, and that trial would proceed in his absence. *See* Parker Hrg. Tr. 51- 75.

After being tried *in absentia*, James was convicted of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. On November 1, 1999, also *in absentia*, James was sentenced to six to twelve years in prison on the sale count, to run concurrently with a sentence of one year on the possession count.

James was arrested on April 29, 2002 in connection with an unrelated matter. At that time, he entered custody pursuant to the 1999 convictions and sentence.

B.     The Procedural History

    1.     *The Direct Appeal*

On appeal to the New York Supreme Court, Appellate Division, Second Department, James's sole argument was that he was deprived of his right to be present at the 1999 trial. James argued that the investigation into his whereabouts by the District Attorney's office was not adequate to permit the court to try him *in absentia*. In particular, he argued that

the prosecutor should have called individual police precincts in Brooklyn, including the precinct in which the courthouse was located. James also argued that the prosecutor should have called a number of large hospitals that were not called, and should have sent investigators to James's home and place of work in an attempt to locate him.

On June 20, 2005, the Appellate Division affirmed the conviction and sentence, noting that "under the circumstances, the defendant waived his right to be present at trial, and, in any event, forfeited that right by absconding shortly before the trial began." *People v. James*, 796 N.Y.S.2d 543, 544 (2d Dep't 2005).

On August 25, 2005, the New York Court of Appeals denied leave to appeal from the Appellate Division's decision. *People v. James*, 5 N.Y.3d 807 (2005) (Graffeo, J.).[1]

2. *The Instant Petition*

In the instant petition, filed on November 2, 2006, James advances the same arguments he raised on direct appeal.

DISCUSSION

A. The AEDPA Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") narrowed the scope of federal habeas review of state convictions where the state court has adjudicated a petitioner's federal claim on the merits. *See* 28 U.S.C. § 2254(d). Under the AEDPA standard, habeas relief is warranted if the state court's adjudication of a federal claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[1] James's petition reports that on March 21, 2003, he filed a motion to vacate his judgment of conviction pursuant to N.Y. Crim. Proc. Law § 440.10 on the ground that the court lacked subject matter jurisdiction due to James's absence at trial. The petition also reports that the motion was denied on May 12, 2003. James apparently did not seek leave to appeal, but the issue raised by this petition was exhausted by James's direct appeal.

Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Habeas relief is also warranted where the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A state court decision is an "unreasonable application" of clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Furthermore, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Gilchrist*, 260 F.3d at 93 (citing *Williams*, 529 U.S. at 411); *see also Yarborough v. Gentry*, 540 U.S.1, 4 (2003) (per curiam) ("Where . . . the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable.").

B. James's Claim

The Sixth Amendment's confrontation clause guarantees a criminal defendant the right to be present at all stages of trial. *Illinois v. Allen*, 397 U.S. 337, 338 (1970). In addition, under the due process clause of the Fourteenth Amendment, a defendant must be allowed to be present at his trial "to the extent that a fair and just hearing would be thwarted by his absence." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 108 (1934)).

However, a defendant's right to be present at trial may be waived. *Diaz v. United States*, 223 U.S. 442, 456-58 (1912) (if, during trial, a defendant "voluntarily absents himself,"

5

this operates as a waiver of his right to be present, and trial may continue without him). Such a waiver should be both knowing and voluntary, though knowledge and voluntariness may be inferred. *See Taylor v. United States*, 414 U.S. 17, 19-20 (1973). In *Taylor*, the petitioner was not expressly informed of his right to be present at trial and did not receive an explicit warning that the trial may have continued if he did not appear. *Id.* at 20. Still, the Court determined that given the circumstances, the lower court could reasonably have concluded that the defendant acted knowingly and voluntarily in failing to attend the trial. *Id.* In short, "nothing in the Constitution prohibits a trial from being commenced in the defendant's absence so long as the defendant knowingly and voluntarily waives his right to be present." *Smith v. Mann*, 173 F.3d 73, 76 (2d Cir. 1999).

As discussed above, I may grant habeas relief only if I find the state court's ruling to have been contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence. The Appellate Division found that the trial court had "providently exercised its discretion in trying the defendant" in absentia. 796 N.Y.S.2d at 544. The court based this conclusion upon the fact that James had been present the morning of trial but did not appear that afternoon or the following morning; that James had been informed of his right to attend the trial and warned that the trial would continue in his absence if he did not appear; that the District Attorney had made reasonable efforts to locate James; and that James forfeited his right to be present at trial by absconding.

I agree with the state court's rejection of James's claim, and conclude that the decision to try him *in absentia* was proper. At the very least, those state court holdings cannot be

characterized as contrary to or an unreasonable application of clearly established federal law. Accordingly, James is not entitled to habeas relief.

CONCLUSION

For the foregoing reasons, the petition is denied. Because James has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue.

So Ordered.


John Gleeson, U.S.D.J.


Dated: April 18, 2007
      Brooklyn, New York